

**FILED**

MAY 0 5 2015

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

**United States Department of Justice**

*William J. Ihlenfeld, II*
*United States Attorney's Office*
*Northern District of West Virginia*

Craig W. Broadwater Federal Building
217 West King Street     Phone: (304) 262-0590
Suite 400     FAX: (304) 262-0591
Martinsburg, WV 25401

April 21, 2015

Sharon L. Potter, Esq.
Spilman Thomas & Battle PLLC - Wheeling
1233 Main Street
P.O. Box 831
Wheeling, WV 26003

In re:    <u>United States v. Rebuilder Medical Technologies, Inc.</u>
         Criminal No: 3:15CR1

Dear Ms. Potter:

     This will confirm conversations with you concerning your client, Rebuilder Medical Technologies, Inc., (hereinafter referred to as "Defendant.") All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

     It is agreed between the United States and your client as follows:

     1.    Defendant will plead guilty to Count 2, Introduction into Interstate Commerce of an Unapproved New Drug, in violation of Title 21, United States Code, Sections 331(d), 333(a)(2) and 355(a) of the above-referenced Indictment.    $500,000.00 [handwritten initials]

     2.    The maximum penalty to which Defendant will be exposed by virtue of the plea of guilty, as stated in paragraph 1 above is: a fine of ~~$250,000.00~~. The defendant is also subject to a period of probation of not less than one (1) nor more than (5) years.

     It is further understood by Defendant that there is a special mandatory assessment of $400.00 (18 U.S.C. 3013) per felony conviction **which must be paid within 40 days following entry of**

_____      4-22-2015
Rebuilder Medical Technologies, Inc., Defendant     Date

_____      4/22/15
Sharon L. Potter, Esq.     Date
Counsel for Defendant

- 1 -

**defendant's plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of any incarceration, supervision, and probation.

      3. The Defendant agrees to cooperate fully with the Office of the United States Attorney and other law enforcement agencies in the Northern District of West Virginia by meeting with them, if requested, and divulging to them information about all activities associated with the development, manufacture and distribution of SilverCure Ointment and "Benfo Spray." The defendant will be completely forthright and truthful with regard to the all inquiries made of defendant and upon request of the United States will provide a witness to give signed, sworn statements and grand jury and trial testimony relative thereto.

      4. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against defendant as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

      B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws the corporation may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by defendant pursuant to this agreement.

      C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of its fulfilling the conditions of paragraph 3 above.

      5. At final disposition, the United States will advise the Court of defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also recommend that the remaining counts in the Indictment be dismissed.

      6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, the defendant understands that the Court is **not** bound by these sentence recommendations, and that the defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

_[signature]_            4-22-2015
Rebuilder Medical Technologies, Inc., Defendant     Date

_[signature]_            4/22/15
Sharon L. Potter, Esq.     Date
Counsel for Defendant

7. Contingent upon Defendant's payment of the $400.00 special assessment fee **within 40 days following the entry of defendant's plea**, the United States will make the following **nonbinding** recommendations:

> A. If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;
>
> B. Should Defendant give timely and complete information about defendant's own criminal involvement and provide timely notice of its intent to plead guilty, thereby permitting the United States to avoid trial preparation **and if the corporation complies with all the requirements of this agreement, and if the defendant is eligible under the "Guidelines"**, then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before April 25, 2015 at 5:00 p.m. and returns an executed copy to the United States by that day;
>
> C. The United States will recommend that any sentence of probation imposed should be at the lower end of the applicable guideline range.
>
> D. The United States will recommend that defendant pay a fine in the amount of $28,541.71.

8. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, **fails to pay the special assessment within 40 days following the entry of defendant's plea**, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9. The defendant recognizes that 21 U.S.C. § 335(a) may be applicable to this case. The secretary may debar any individual who has been convicted of a felony within the meaning of 21 U.S.C. § 335a for the periods established in 21 U.S.C. § 335a(c)(2).

10. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total relevant conduct of the defendant with regard to the Indictment is that Rebuilder Medical Technologies, Inc. introduced and delivered and caused the introduction and delivery into interstate commerce "SilverCure Ointment," a new drug and "Benfo Spray" a new drug that each required but did not have FDA approval.

_____  _____
Rebuilder Medical Technologies, Inc., Defendant    Date 4-22-2015

_____  _____
Sharon L. Potter, Esq.    Date 4/22/15
Counsel for Defendant

- 3 -

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Defendant understands and agrees that should the Court not accept the above stipulation, defendant will not have the right to withdraw its plea of guilty.

11. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives its right to appeal: *any sentence within the guideline range* [SP] [PTC] [DAM]

    a. to appeal any order, the conviction and the sentence or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742.

    b. to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255.

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies the corporation may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

12. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by defendant or defendant's counsel.

_____  
Rebuilder Medical Technologies, Inc., Defendant

_____  
Sharon L. Potter, Esq.  
Counsel for Defendant

_4-22-2015_  
Date

_4/22/15_  
Date

-4-

13. The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the Probation Office and agrees to participate in a pre-sentencing debtor examination. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office for the Northern District of West Virginia to access the defendant's credit report from any major credit reporting agency prior to sentencing, in order to assess the financial condition for sentencing purposes. The defendant agrees, under penalty of perjury, to complete a financial statement to be returned with the plea agreement. If the Court imposes a schedule of payments, the defendant agrees that it will be deemed to be merely a minimum schedule of payments, not the only method available to the United States to enforce the judgment. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset, regardless of the defendant's payment status or history at the time of said submission.

14. The defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

15. If the defendant's plea is not accepted by the Court or is later set aside or if the corporation breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

_____  _____
Rebuilder Medical Technologies, Inc., Defendant    Date

_____  _____
Sharon L. Potter, Esq.    Date
Counsel for Defendant

- 5 -

16. The above fifteen (15) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

                                Very truly yours,

                                WILLIAM J. IHLENFELD, II
                                United States Attorney

By:   Paul T. Camilletti
       Assistant United States Attorney

As evidenced by my signature at the bottom of the six (6) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____        4-22-2015
Rebuilder Medical Technologies, Inc., Defendant    Date

_____        4/22/15
Sharon L. Potter, Esq.                          Date
Counsel for Defendant